UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

YVONNE L. TINES JONES,

        Plaintiff,

v.

NORMAN Y. MINETA,
Secretary,
U.S. DEPARTMENT OF
TRANSPORTATION,

        Defendant.

**05·10082 EFH**

RECEIPT #
AMOUNT $  50.00
SUMMONS ISSUED  3
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK  MP
DATE  1/12/05

VERIFIED COMPLAINT AND DEMAND
FOR JURY TRIAL

I.    Introduction          MAGISTRATE JUDGE  JGD

1. This is a civil action brought by the plaintiff, Yvonne L. Tines Jones ("Tines Jones"), against her employer, the U.S. Department of Transportation ("Agency"), for employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e-2 *et seq.*; and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* The plaintiff alleges that the Agency discriminated against her in terms, conditions and privileges of employment because of her race, color (black) and national origin (African-American), failed to accommodate her handicap, discriminated against her on the basis of her handicap, and retaliated against her because she complained about discrimination and filed discrimination charges against the Agency.

2. Ms. Tines Jones seeks injunctive relief, equitable relief and damages to redress the deprivation of, and

secure protection of statutory rights to employment free from discrimination based on race, color and handicap.

3. This Court has subject matter jurisdiction under the Rehabilitation Act, 29 U.S.C. § 791 *et seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e *et seq.* The Court has jurisdiction over claims arising under the laws of the United States, 28 U.S.C. § 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and 1391(c) in that the claims arose in the District of Massachusetts and the defendant conducts business in the District of Massachusetts.

## II. PARTIES

5. The plaintiff, Yvonne Tines Jones, is an African-American woman, who was employed by the Federal Aviation Administration's New England Regional Human Resource Management Division (the "Division"), Burlington, Massachusetts as a Staffing Assistant FV-0203-E (GS-8) since July 1989. She is an employee within the meaning of 42 U.S.C. § 2000e(f).

6. The defendant, U.S. Department of Transportation Federal Aviation Administration New England Region (the "Agency"), Human Resource Management Division, is a federal agency located in Burlington, Massachusetts and is an employer within the meaning of 42 U.S.C. § 2000e(b).

2

## III. FACTS

7. As a Staffing Assistant, the plaintiff was responsible for screening applications for a variety of occupations, providing merit promotion services for a variety of low grade positions, performing staff support and assistance work for one or more Personnel Management Specialists and ensuring the accuracy of staffing actions.

8. On June 15, 1998, the plaintiff developed an "Individual Development Plan" (IDP) with Ernest Landry (white male), Division Manager, to build her expertise in the area of benefits program administration. This was done in accordance with an approved reorganization plan developed by employees in the Division.

9. The training opportunities afforded the plaintiff fell far short of the requirements of her IDP.

10. On June 24, 1998, the plaintiff submitted a request for a temporary promotion/detail to Ernest Landry that would have given her experience in the areas of retirement and worker's compensation.

11. Ernest Landry denied the plaintiff's request.

12. The defendant denied the plaintiff's request because of her race and color (black).

13. On February 11, 1999, the plaintiff learned of a federal benefits conference entitled "Benefits in the New

3

Millennium" to be held June 8th to June 11th, 1999 in Washington, D.C.

14.    The plaintiff told her first line supervisor, Susan Nason (white female), Supervisory Personnel Management Specialist, about the conference and asked if she could attend the training since she had developed an IDP.

15.    Nason told the plaintiff that there was not money in the budget to send anyone to the conference.

16.    The defendant sent Larry Pino (white male), Personnel Management Specialist (FG-0201-13) to the conference.

17.    The defendant refused to send the plaintiff to the conference because of her race, color (black) and national origin (African-American).

18.    On or about July 26, 1999, the plaintiff contacted an EEO counselor and filed a formal complaint DOT 1-99-1077, alleging that the agency discriminated against her in terms, conditions and privileges of employment on the basis of race, color (black) and national origin (African-American).

19.    Up to this point in her career as Staffing Assistant, the plaintiff had never encountered difficulties in performing her job at or above the level of her employer's expectations.

4

20.    On September 10, 1999, the Agency posted a vacancy for the position of Personnel Management Specialist (an FG-0201 comparable to a GS-7/9/11).

21.    On September 20, 1999, the plaintiff applied for the position.   On September 28, 1999, she was interviewed for the vacancy.

22.    On March 16, 2000, Landry informed the plaintiff that he had decided not to fill the vacancy.

23.    The Agency failed or refused to hire the plaintiff for the position because of her race, color (black) and national origin (African-American), and in retaliation for filing a formal discrimination complaint.

24.    On May 5, 2000, the plaintiff filed another formal complaint against the Agency (DOT 1-00-1160) alleging discrimination on the basis of race, color and national origin.

25.    On November 22, 2000, the plaintiff requested a hearing.    The Agency received the request on November 29, 2000.

26.    On February 1, 2001, the Administrative Law Judge issued an Order directing the parties to participate in mediation.

27.    On April 19, 2001, the parties entered into an "Interim Settlement Agreement" wherein the Agency agreed among other terms to temporarily promote the plaintiff to

the position of Personnel Management Specialist for a period of at least 9 months effective May 6, 2001, in return for the plaintiff's holding the complaint in abeyance.

28.    The Interim Settlement Agreement also provided that if the plaintiff's temporary position was made permanent without competition, the plaintiff would withdraw her complaint and a final settlement agreement would be executed.

29.    The defendant failed to comply with the Interim Settlement Agreement. Specifically, defendant failed to relieve the plaintiff of her duties and responsibilities as Staffing Assistant, failed to meet the plaintiff on a monthly basis to discuss her progress and updates in a collaborative manner, failed to explore options for the mentoring of and the professional development of the plaintiff, failed to execute developmental opportunities, and failed to train the plaintiff consistent with her agreed upon career objective and Individual Development Plan (IDP).

30.    The defendant's failure to act in accordance with the Interim Settlement Agreement was in bad faith, because of the plaintiff's race, color and national origin, and in retaliation for her formal complaints of discrimination.

31.    On February 6, 2002, the plaintiff's physician, Elizabeth Blencowe, M.D. ("Dr. Blencowe") requested a 30-day medical leave of absence on behalf of the plaintiff due to severe stress.

6

32.   On February 10, 2002, the plaintiff began a two-month leave of absence.

33.   On March 1, 2002, Dr. Blencowe requested an extension of the plaintiff's leave of absence.

34.   On March 6, 2002, the plaintiff filed another formal complaint against the Agency (DOT 1-02-1030) alleging that the Agency failed to comply with the Interim Settlement Agreement because of her race, color and national origin and in retaliation for her complaints of discrimination.

35.   In April, 2002, the plaintiff returned to work under a considerable amount of stress and anxiety.

36.   In August 2002, Susan Nason aggravated the plaintiff's stress and anxiety by denying that she ever received medical documentation of the need for flex time accommodation.   The plaintiff overdosed on panic attack medical in front of Ms. Nason and was immediately taken to the Lahey Clinic Emergency Room for suicide watch.

37.   On September 20, 2002, the plaintiff provided Susan Nason with a letter from her doctor, Elizabeth A. Blencowe, M.D. ("Dr. Blencowe") advising Nason of the plaintiff's disability, depression and panic disorder.

38.   On December 17, 2002, Dr. Blencowe advised Ernest Landry of the plaintiff's disability and requested a reasonable accommodation.   Specifically, she advised, "I

7

recommend strongly that when Ms. Tines-Jones returns to work on 1/6/03 that she be assigned to a different job site and not return to the FAA regional office in Burlington, MA. Ms. Tines-Jones is being treated for Panic Disorder and Depression, which is exacerbated markedly by an adverse work relationship at the FAA Regional Office in Burlington, MA. Therefore, I hope you will grant Ms. Tines-Jones' request to be transferred to a different work site."

39.    On January 15, 2003, Ernest Landry acknowledged receiving the plaintiff's request for reassignment as a reasonable accommodation.

40.    On March 13, 2003, the plaintiff filed another formal complaint against the Agency (DOT-1-1068) alleging that she was denied a reasonable accommodation based on her mental disability when on March 13, 2003, her request for transfer was denied, and that she was subjected to disparate treatment based on her race and color (black), and retaliation when her request for transfer was denied.

### COUNT I: VIOLATION OF TITLE VII, 42 U.S.C § 2000E-2(a)(1)

41.    The plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 40 of the Verified Complaint.

42.    The defendant discriminated against the plaintiff with respect to her terms conditions and privileges of employment because of her race and color (black), in violation of 42 U.S.C. § 2000e-2(a)(1).

43.   As a consequence, the plaintiff has suffered and continues to suffer lost wages and benefits, mental and emotional distress and denial of equal employment opportunities.

### COUNT II: VIOLATION OF THE REHABILITATION ACT OF 1973
### 29 U.S.C. § 791 *et seq.*

43.   The plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 40 of the Verified Complaint.

44.   The plaintiff suffered a disability within the meaning of the Rehabilitation Act.

45.   The plaintiff had a mental impairment which substantially limited one or more of her major life activities, a record of such impairment, or was regarded by the employer as having such an impairment.

46.   The plaintiff was a qualified individual in that she was able to perform the essential functions of her job with a reasonable accommodation.

47.   Despite the defendant's knowledge of the plaintiff's disability, the defendant did not offer a reasonable accommodation for the disability.

48.   As a consequence, the plaintiff has suffered and continues to suffer emotional distress, lost wages and benefits, discrimination in employment, and denial of equal employment opportunities.

9

## COUNT III: VIOLATION OF TITLE VII: RETALIATION

49.  The plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 40 of the Verified Complaint.

50.  The defendant discriminated against the plaintiff in terms, conditions and privileges of employment because she opposed practices made unlawful under Title VII and/or because she filed a charge of discrimination against her employer under Title VII, in violation of 42 U.S.C. § 2000e-3(a).

51.  As a consequence, the plaintiff has suffered and continues to suffer emotional distress, lost wages and benefits, discrimination in employment, and denial of equal employment opportunities.

## RELIEF AND DAMAGES

WHEREFORE, the plaintiff prays that this Court:

A.  Declare that the plaintiff's legal rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e *et seq.* have been violated.

B.  Declare that the plaintiff's legal rights under Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* have been violated.

D.  Award the plaintiff back pay and other employment benefits.

E.  Award the plaintiff compensatory damages.

F.  Award the plaintiff punitive damages.

G.    Award the plaintiff attorney's fees, expert fees, costs and interest, including prejudgment interest.

H.    Enjoin the defendant from discriminating against the plaintiff on the basis of race and color.

I.    Enjoin the defendant from retaliating against the plaintiff.

J.    Order that the defendant reassign the plaintiff to the work site she requested as a reasonable accommodation.

K.    Award the plaintiff such other relief as this Court deems equitable and just.

PLAINTIFF CLAIMS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE

The foregoing statement is made this 29th day of December, 2004, under the pains and penalties of perjury.

_____
YVONNE L. TINES JONES

Respectfully submitted,
YVONNE L. TINES JONES
By her attorney

_____
Anthony W. Neal, BBO# 549193
LAW OFFICES OF ANTHONY W. NEAL
434 Massachusetts Avenue, Suite 401
Boston, Massachusetts 02118
Date: December 29, 2004 (617) 424-6161

# IVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

# 05 · 10082 EFH

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     (U.S. Government Not a Party)

☑ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties
     in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                    AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

Transferred from
☐ 5 another district
    (specify)

☐ 6 Multidistrict
    Litigation

Appeal to District
Judge from
☐ 7 Magistrate
    Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☑ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | | or Defendant) | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS – Third Party | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

## VII. REQUESTED IN
COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ YES    ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____

_____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL

   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

   **05 · 10082 EFH**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                                        YES          NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                        YES          NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                        YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                                        YES          NO

7. DO ALL OF THE PARTIES  IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                        YES          NO

       A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

             EASTERN DIVISION           CENTRAL DIVISION          WESTERN DIVISION

       B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
             GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

             EASTERN DIVISION           CENTRAL DIVISION          WESTERN DIVISION

   (PLEASE TYPE OR PRINT)
   ATTORNEY'S NAME _____

   ADDRESS _____

   TELEPHONE NO. _____

(Cover sheet local.wpd - 11/27/00)