IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| YVONNE L. TINES JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-10082-EFH |
| | ) | |
| NORMAN Y. MINETA, Secretary, U.S. DEPARTMENT OF TRANSPORTATION, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff, Yvonne Tines-Jones, alleges that defendant, Norman Y. Mineta, in his official capacity as Secretary of the U.S. Department of Transportation, discriminated against her because of her race, color, national origin and disability status, and that he retaliated against her for having filed discrimination complaints with the Equal Employment Opportunity Commission ("EEOC"), in violation of Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973.[1]  For the reasons set forth below, defendant respectfully requests this Court dismiss

---

[1] To the extent plaintiff seeks to bring an action against any supervisor individually, such an action is barred by Title VII.  Civil Rights Act of 1964, §§717(c), as amended, 42 U.S.C. §§2000e-16(c); Horney v. Westfield Gage Co., 95 F. Supp. 2d 29, 33 (D.Mass. 2000); see Soto v. U.S. Postal Serv., 905 F.2d 537, 539 (1st Cir. 1990)(the head of the agency is the only proper defendant in a Title VII action).

Counts I and III of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.[2]

## FACTUAL ALLEGATIONS[3]

Plaintiff is an African-American woman who began working for the Federal Aviation Administration ("FAA") in 1989. Complaint (Compl.) ¶ 5. She presently works for the FAA as a GS-8 Staffing Assistant in the New England Regional Human Resources Management Division. Id. On June 15, 1998, plaintiff, with her division manager, developed a plan to advance her knowledge of benefits programs. Id., ¶ 8. Plaintiff alleges that on June 24, 1998, she requested a temporary promotion/detail to provide her with benefits program administration training and that her request was denied on account of her race and color. Id., ¶ 10-12. In February 1999, plaintiff alleges that she was denied the opportunity to attend a federal benefits conference in Washington, D.C., on account of her race, color and national origin. Id., ¶ 13-17. On July 26, 1999, plaintiff contacted an EEOC counselor and filed a complaint against the FAA alleging discrimination on the basis of race, color and national origin. Id., ¶ 18.

In September 1999, the FAA posted a vacancy for the position of Personnel Management Specialist, for which plaintiff applied and was interviewed. Id., ¶ 20-21. On March 16, 2000, the division manager informed plaintiff that the vacancy would not be filled. Id., ¶ 22. Plaintiff

---

[2] Defendant does not now move to dismiss Count II (Rehabilitation Act) and reserves all applicable defenses in order to make a motion at the appropriate time. Further, in an effort to save judicial resources, defendant makes the instant motion pursuant to Fed.R.Civ.P. 12(b)(6) only and reserves all other applicable defenses as to Counts I and III.

[3] For purposes of this motion only, defendant accepts the facts as pleaded in plaintiff's Complaint. For the Court's convenience, the government restates the pertinent ones herein.

alleges that the decision was motivated out of discrimination (race, color and national origin) and in retaliation for the formal administrative complaint dated July 26, 1999. Id., ¶ 23.

On April 19, 2000, plaintiff and the FAA entered into an "Interim Settlement Agreement." Compl, ¶ 27. Plaintiff alleges that the FAA violated the settlement agreement by failing to provide and deliver a variety of professional development opportunities. Id., ¶ 28.

## STANDARD OF REVIEW

A motion to dismiss should be granted where it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief. Gorski v. New Hampshire Dep't of Corrections, 290 F.3d 466, 473 (1st Cir. 2002). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief, because "[t]he court is not required to conjure up unpled allegations." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir.1995)(citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). In considering a motion to dismiss, the court must take the allegations in the plaintiff's pleadings as true and must draw all reasonable inferences in favor of the plaintiff. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Nevertheless, courts need not assign credit to "bald assertions, . . . subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992) (internal quotations omitted).

# ARGUMENT

Counts I and III of the Complaint should be dismissed for failure to state a claim upon which relief may be granted, because plaintiff does not allege *prima facie* cases of discrimination and retaliation.

**A.    COUNT I MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A DISCRIMINATION CLAIM**

    **1.    Denying Plaintiff's Request To Attend A Conference Does Not Constitute Adverse Action.**

Plaintiff cannot establish a *prima facie* case of discrimination because an employee must be aggrieved and suffer some personal loss or harm with respect to a term, condition, or privilege of employment. Trafficante v. Metropolitan Life Insurance, 409 U.S. 205, 209-10 (1972). Actionable personnel actions include actions such as hiring, promotion, demotions, transfer and firing. Wyatt v. Boston, 35 F.3d 13, 15 (1st Cir. 1994). A refusal of a request to attend a single training conference does not rise to the level of an actionable personnel action and therefore, plaintiff has not stated a claim for which relief can be granted.

Courts recognize that "[w]ork places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action." Blackie v. Maine. 75 F.3d 716, 725 (1st Cir. 1996). Moreover, "[n]ot everything that makes an employee unhappy is an actionable adverse action." Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996). For these reasons, this Court must dismiss plaintiff's discrimination claim because the mere denial to attend a conference does not constitute an adverse action. Thus, plaintiff has failed to lay out *prima facie* case of discrimination.

**2.      Cancelling A Job Vacancy Does Not Constitute Adverse Action.**

This Court must dismiss plaintiff's claim of discrimination for cancelling the job vacancy in March 2000 because, again, plaintiff does not lay out a *prima facie* case of discrimination. Where, as here, plaintiff does not offer direct evidence of discriminatory animus, she must satisfy the four-prong McDonnell Douglas test as laid out by the Supreme Court and adopted by the First Circuit. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Udo v. Tomes, 54 F.3d 9 (1st Cir. 1995). That test establishes the threshold for stating a *prima facie* claim of employment discrimination. In a failure to promote on the basis of color, race or national origin, plaintiff must show: 1) she is a member of a class protected by Title VII; 2) she was qualified and applied for a position; 3) she was not promoted; and 4) that position remained open or that employer filled the job with someone not of her protected class. It falls to the complainant to establish the *prima facie* case of discrimination. McDonnell Douglas, 411 U.S. at 802.

In this case, the job vacancy was cancelled. Thus, plaintiff has not, and cannot, allege that the position remained open or was filled by someone not of the same protected class. Failure to do so immediately terminates the McDonnell Douglas analysis in favor of the defendant. See Ayala-Gerena v. Bristol-Meyers Squibb, Co., 95 F.3d 86, 97-98 (1st. Cir. 1996). Thus, because plaintiff has not alleged an adverse employment action, she has not established a *prima facie* discrimination claim. Therefore, this Court must dismiss Count I pursuant to Fed. R. Civ. P. 12(b)(6).

**B.    COUNT III MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A RETALIATION CLAIM**

To state a *prima facie* case of retaliation under Title VII plaintiff must show that: (1) she engaged in a protected activity, known to the employer; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. Hazel v. U.S. Postmaster General, 7 F.3d. 1, 3 (1st Cir. 1993); Ruffino v. State Street Bank and Trust Co., 908 F. Supp. 1019, 1044 (D. Mass. 1995). In this case plaintiff has not, and cannot, establish a *prima facie* case of retaliation because, as stated in § A(2) *supra*, cancellation of a job vacancy does not constitute an adverse action.

An adverse employment action is an absolute requirement of a Title VII claim alleging disparate treatment or retaliation. McDonnell Douglas, 411 U.S. 802; see Blackie v. Maine, 75 F.3d 716, 725 (1st Cir. 1996) ("[i]n a retaliation case, as in virtually any other discrimination case premised on disparate treatment, it is essential for the plaintiff to show that the employer took a materially adverse employment action against him"). The First Circuit's standard for identifying a materially adverse employment action was established in Blackie, 75 F.3d at 725-726, and focuses on whether the action "(1) take[s] something of consequence from the employee, say, by discharging or demoting her, reducing her salary, or divesting her of significant responsibilities, . . . or (2) withhold[s] from the employee an accouterment of the employment relationship, say, by failing to follow a customary practice of considering her for a promotion after a particular period of service." Id. (citations omitted). Therefore, the adverse act necessary to support her retaliation claim must have been substantial enough to result in a material disadvantage to plaintiff with respect to salary, grade or other objective terms and conditions of employment. Connell v. Bank of Boston, 924 F.2d 1169, 1179-80 (1st Cir. 1991).

Under this legal standard, plaintiff has clearly not suffered any adverse employment action that could sustain a retaliation claim. Cancellation of a job vacancy does not materially or adversely alter plaintiff's working conditions or remuneration. It did not terminate her employment, reduce her salary or benefits or responsibilities, or diminish her job title. As a consequence of the FAA's decision to cancel the job vacancy, plaintiff has suffered no material disadvantages. Consequently, this Court must dismiss Count III for failure to state a claim.

## CONCLUSION

For the above reasons, the government requests that this Court dismiss Counts I and III of the Complaint with prejudice.

                                                    Respectfully submitted,
                                                    MICHAEL J. SULLIVAN
                                                    United States Attorney

                                By:   /s/ Eugenia M. Carris
                                       Eugenia M. Carris
                                       Assistant United States Attorney
                                       John Joseph Moakley Courthouse Suite 9200
                                       1 Courthouse Way - Suite 9200
                                       Boston, MA 02210
Dated: May 4, 2005                  (617) 748-3376

## CERTIFICATE OF SERVICE

I certify that a true copy of the above document was served upon Anthony W. Neal, Esq., 434 Massachusetts Avenue, Suite 401, Boston, MA 02118 by electronic filing or first-class mail May 4, 2005.

                                                    /s/ Eugenia M. Carris
                                                    Eugenia M. Carris, AUSA