UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10082-EFH

YVONNE L. TINES JONES,

        Plaintiff,

v.

NORMAN Y. MINETA,
Secretary,
U.S. DEPARTMENT OF
TRANSPORTATION,

        Defendant.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

This is a civil action brought by the plaintiff, Yvonne L. Tines Jones ("Tines Jones"), against her employer, the U.S. Department of Transportation ("Agency"), for employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e-2 *et seq.*; and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. The plaintiff alleges that the Agency discriminated against her in terms, conditions and privileges of employment because of her race, color (black) and national origin (African-American) (Count I), failed to accommodate her handicap and discriminated against her on the basis of her handicap (Count II), and retaliated against her because she complained about discrimination and filed discrimination charges against the Agency (Count III). The plaintiff opposes the defendant's motion to dismiss Counts I and III because they allege *prima facie* cases of discrimination and retaliation.

## STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002); Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).

## ARGUMENT

A. COUNT I STATES A DISCRIMINATION CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C § 2000e-2(a)(1).

Paragraph 42 of the plaintiff's Verified Complaint (Count I) alleges that "[t]he defendant discriminated against the plaintiff with respect to her terms, conditions and privileges of employment because of her race and color (black), in violation of 42 U.S.C. § 2000e-2(a)(1)." Her well-pled factual allegations are as follows: "The training opportunities afforded the plaintiff fell far short of the requirements of her IDP." ¶ 9. "On June 24, 1998, the plaintiff submitted a request for a temporary promotion/detail to Ernest Landry that would have given her experience in the areas of retirement and worker's compensation." ¶ 10. "Ernest Landry denied the plaintiff's request. ¶ 11. "The defendant denied the plaintiff's request because of her race and color (black)." ¶ 12. "On February 11, 1999, the plaintiff learned of a federal benefits conference entitled 'Benefits in the New Millennium' to be held June 8th to

June 11th, 1999 in Washington, D.C." ¶ 13. "The plaintiff told her first line supervisor, Susan Nason (white female), Supervisory Personnel Management Specialist, about the conference and asked if she could attend the training since she had developed an IDP." ¶ 14. "Nason told the plaintiff that there was not money in the budget to send anyone to the conference." ¶ 15. "The defendant sent Larry Pino (white male), Personnel Management Specialist (FG-0201-13) to the conference." ¶ 16. "The defendant refused to send the plaintiff to the conference because of her race, color (black) and national origin (African-American)." ¶ 16.   Training opportunities awarded bear on one's competitiveness for promotion.

The plaintiff also states the following: the Agency failed "to temporarily promote the plaintiff to the position of Personnel Management Specialist for a period of at least 9 months effective May 6, 2001." ¶ 27.   "The defendant . . . failed to meet the plaintiff on a monthly basis to discuss her progress and updates in a collaborative manner, failed to explore options for the mentoring of and the professional development of the plaintiff, failed to execute developmental opportunities, and failed to train the plaintiff consistent with her agreed upon career objective and Individual Development Plan (IDP)." ¶ 29. "The defendant's failure to act . . . was in bad faith, because of the plaintiff's race, color and national origin . . . ." ¶ 30.

Evidence that supervisors withheld from a black female employee "appropriate opportunities for growth and success" and failed give her "the same type of developmental opportunities" accorded white employees, supports a disparate treatment claim. Thomas v. Eastman Kodak Co., 183 F.3d 38, 63 (1st Cir. 1999), cert. denied, 528 U.S. 1161, 120 S. Ct. 1174 (2000). Also see Jensvoid v. Shalala, 829 F.Supp. 131 (D. Md. 1993) (Gender bias

in training opportunities). Accordingly, the Court must deny defendant's motion to dismiss Count I.

    B.    **COUNT III STATES A RETALIATION CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e-3(a).**

Paragraph 50 of the plaintiff's Verified Complaint (Count III) states, "[t]he defendant discriminated against the plaintiff in terms, conditions and privileges of employment because she opposed practices made unlawful under Title VII and/or because she filed a charge of discrimination against her employer under Title VII, in violation of 42 U.S.C. § 2000e-3(a)." Pursuant to 42 U.S.C. § 2000e-3(a), an employer must not "discriminate against any [employee] because [that employee] has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under [Title VII]."

In order to make out a *prima facie* case of retaliation, the plaintiff must allege that (1) she engaged in protected conduct; (2) she experienced an adverse employment action; and (3) there was a causal connection between the protected conduct and the adverse employment action. Calero-Cerezo v. U.S. Dept. of Justice, 355 F.3d 6, 25 (1st Cir. 2004); Dressler v. Daniel, 315 F.3d 75, 78 (1st Cir. 2003); Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998).

Here, Tines Jones states that she engaged in two protected activities when "[o]n or about July 26, 1999, [she] contacted an EEO counselor and filed a formal complaint DOT 1-99-1077, alleging that the agency discriminated against her in terms, conditions and privileges of employment on the basis of race, color (black) and national origin (African-American)," and "[o]n May 5, 2000, the plaintiff filed another formal complaint

4

against the Agency (DOT 1-00-1160) alleging discrimination on the basis of race, color and national origin." ¶¶ 18, 24. Thus, she satisfies the first prong.

Adverse employment actions in the context of Title VII include "demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other employees." Hernandez-Torres, 158 F.3d at 47. "[T]he employer must either (1) take something of consequence from the employee, say, by discharging or demoting her, reducing her salary, or divesting her of significant responsibilities or (2) withhold from the employee an accouterment of the employment relationship, say, by failing to follow a customary practice of considering her for promotion after a particular period of service." Blackie v. Maine, 75, F.3d 716, 725 (1st Cir. 1996).

One of the plaintiff's factual allegations is alleges that the defendant failed "to temporarily promote [her] to the position of Personnel Management Specialist for a period of at least 9 months effective May 6, 2001 . . . ." ¶ 27. A failure to promote constitutes an adverse employment action. Hernandez-Torres, 158 F.3d at 47. Temporary assignments are very important employment benefits because of the opportunity for cross training, which enhances the employee's credentials for further promotion. The plaintiff also states that the defendant withheld from her other accouterments of the employment relationship. The defendant "failed to meet [her] on a monthly basis to discuss her progress and updates in a collaborative manner, failed to explore options for the mentoring of and the professional development of the plaintiff, failed to execute developmental opportunities, and failed to train [her] consistent with her agreed upon career objective and Individual Development Plan (IDP)." ¶ 29. She further states that "[t]he defendant's failure

5

to act . . . was . . . in retaliation for her formal complaints of discrimination." ¶ 30. Thus, the plaintiff asserts a viable retaliation claim under Title VII.

## CONCLUSION

For the foregoing reasons, the plaintiff requests that the Honorable Court deny the defendant's motion to dismiss Counts I and III of her Verified Complaint.

>Respectfully submitted,
>Yvonne L Tines Jones
>By her attorney
>
>_____
>Anthony W. Neal, BBO# 549193
>LAW OFFICES OF ANTHONY W. NEAL
>434 Massachusetts Avenue, Suite 401
>Boston, Massachusetts 02118
>(617) 424-6161

Date: May 16, 2005

### Certificate of Service

I, Anthony W. Neal, hereby certify that a true copy of the above document was served upon counsel of record for the defendant by first class mail this 16th day of May 2005.

_____
Anthony W. Neal, Esq.