UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Yvonne L. Tines Jones, | ) | |
|     Plaintiff, | ) ) ) | |
| | ) | CIVIL ACTION |
| V. | ) | NO.05-10082-EFH |
| | ) | |
| Norman Y. Mineta, Secretary, U.S. Department of Transportation, | ) ) ) | |
|     Defendant. | ) ) | |

**ANSWER**

Defendant hereby asserts its defenses and answer to the numbered paragraphs of Plaintiff's Complaint as follows:

FIRST DEFENSE

Defendant answers each paragraph of the Complaint without waiving, but expressly reserving, all rights that it may have to seek relief by appropriate motions.

I. Introduction

1. The allegations contained in Paragraph 1 constitute plaintiff's characterization of this action to which no response is required. To the extent Paragraph 1 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

2. The allegations contained in Paragraph 2 constitute plaintiff's characterization of this action to which no response is required. To the extent Paragraph 2 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

3. Paragraph 3 sets forth a statement of jurisdiction and as such is a legal conclusion to which no response is required.

4. Paragraph 4 is a statement of venue and characterization of plaintiff's claims and as such is a legal conclusion to which no response is required.

## II.  Parties

5. Admitted.

6. Admitted.

## III.  Facts

7. Admitted.

8. Admitted.

9. Denied.

10. Admitted.

11. Admitted.

12. Denied.

13. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 13 of the Complaint, and on that basis denies the allegations.

14. Admitted.

15. Denied.

16. Admitted.

17. Denied.

18. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 18 of the Complaint, and on that basis denies the allegations. Defendant states that plaintiff contacted an EEO counselor on May 11, 1999 but filed her first formal complaint on July 26, 1999.

19. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 19 of the Complaint, and on that basis denies the allegations.

20. Admitted.

21. Admitted.

22. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation in Paragraph 22 of the Complaint, and on that basis denies the allegations.

23. Denied.

24. Admitted.

25. Admitted.

26. Admitted.

27. To the extent paragraph 27 sets forth legal conclusions, no response is required. Defendant admits that the parties entered into an "Interim Settlement Agreement" on April 19, 2001 and states that the document speaks for itself. To the extent that paragraph 27 sets forth additional factual allegation, defendant denies them.

28. To the extent paragraph 28 sets forth legal conclusions, no response is required. To the extent that paragraph 28 sets forth additional factual allegation, defendant denies them. Defendant further states that the document referred to in this paragraph speaks for itself.

29. Denied.

30. Denied.

31. Admitted.

32. Admitted.

33. Admitted.

34. To the extent that paragraph 34 sets forth additional factual allegation, defendant denies them. Defendant admits that plaintiff filed another complaint on March 6, 2002.

35. Defendant admits that plaintiff returned to work in April 2002 and denies the remainder of the allegations in Paragraph 35.

36. Defendant admits that plaintiff was taken to Lahey Clinic in August 2002 for medical treatment and denies the remainder of the allegations in Paragraph 36.

37. Defendant admits only that plaintiff provided a letter from Dr. Blencowe in September 2002 and states that the letter speaks for itself.

38. Defendant admits that Dr. Blencowe communicated with it in December 2002 and states that the communication speaks for itself.

39. Admitted.

40. Defendant denies the allegations in Paragraph 40 and states that plaintiff filed complaint DOT-1-1068 on May 8, 2003.

## COUNT I

41. Defendant responds to Paragraph 41 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-40 of this Answer.

42. The allegations in Paragraph 42 are conclusions of law to which no response is required. To the extent Paragraph 42 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

43. The allegations in Paragraph 43 are conclusions of law to which no response is required. To the extent Paragraph 43 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

## COUNT II

43. Defendant notes that there is a duplicate number 43 at the beginning of Count II. Defendant responds to Paragraph 43 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-40 of this Answer.

44. The allegations in Paragraph 44 are conclusions of law to which no response is required. To the extent Paragraph 44 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

45. The allegations in Paragraph 45 are conclusions of law to which no response is required. To the extent Paragraph 45 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

46. The allegations in Paragraph 46 are conclusions of law to which no response is required. To the extent Paragraph 46 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

47. The allegations in Paragraph 47 are conclusions of law to which no response is required. To the extent Paragraph 47 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

48. The allegations in Paragraph 48 are conclusions of law to which no response is required. To the extent Paragraph 48 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

## COUNT III

49. Defendant responds to Paragraph 49 of the Complaint by incorporating by reference, as if specifically set forth herein, the foregoing Paragraphs 1-40 of this Answer.

50. The allegations in Paragraph 50 are conclusions of law to which no response is required. To the extent Paragraph 50 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

51. The allegations in Paragraph 51 are conclusions of law to which no response is required. To the extent Paragraph 51 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

To the extent that any allegation of the Complaint remains unanswered, defendant denies such allegation.

WHEREFORE, Defendant United States requests that this Court enter an order denying the plaintiff's prayers for relief; denying all other relief sought by the plaintiff; dismissing the Complaint with prejudice and with costs; entering judgment in favor of the United States; and awarding to defendant United States such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over the action and the action is barred due to plaintiff's failure to comply with the administrative prerequisites necessary to assert such claims.

### THIRD DEFENSE

Contrary to the allegations of the Complaint, defendant acted with no improper or retaliatory motive in regard to plaintiff or her employment. Defendant did not discriminate against plaintiff. To the contrary, all actions taken by defendant were motivated by legitimate, nondiscriminatory, nonretaliatory business reasons.

### FOURTH DEFENSE

Each of the Counts asserted against defendant fails, as a matter of law, to allege actions, conduct or omissions on the part of defendant sufficient to sustain an award of compensatory, consequential, exemplary, punitive or multiple damages, costs, attorneys' fees or equitable or declaratory relief under any of the statutory provisions cited in the Complaint.

### FIFTH DEFENSE

Contrary to plaintiff's prayer for relief, no exemplary, punitive, multiple, consequential or compensatory damages may be awarded against the federal government on his discrimination claims, and Plaintiff's claims for exemplary damages should be stricken.

### SIXTH DEFENSE

Plaintiff has failed to mitigate her damages.

### SEVENTH DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

<u>EIGHTH DEFENSE</u>

Some or all of plaintiff's claims are barred because they are subject to a settlement agreement previously entered into by the parties.

<u>NINTH DEFENSE</u>

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant or to avoid harm otherwise.

WHEREFORE, Defendant, having fully answered the allegations in the Complaint, respectfully requests that this Court enter an order denying the plaintiff's prayers for relief; denying all other relief sought by the plaintiff; dismissing the Complaint with prejudice and with costs; entering judgment in favor of the defendant; and awarding to defendant such further relief as the Court deems just and proper.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/Eugenia M. Carris
EUGENIA M. CARRIS
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
June 10, 2005       (617) 748-3282

CERTIFICATE OF SERVICE

This is to certify that I have on June 10, 2005 served a copy of the foregoing document by first class mail, postage prepaid, to plaintiff's counsel, Anthony W. Neal, 434 Massachusetts Avenue, Suite 401, Boston, MA 02118

/s/Eugenia M. Carris
Eugenia M. Carris