UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
YVONNE L. TINES JONES,
              Plaintiff

v.

NORMAN Y. MINETA, ET AL.,
              Defendants.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CIVIL ACTION NO.:
05-10082-EFH

# ORDER

May 28, 2008

HARRINGTON, S.D.J.

     For the reasons set forth in the Defendant's Motion for Summary Judgment (Docket 33), the Court grants summary judgment on counts I and III (alleging, respectively, discrimination and retaliation in violation of Title VII). The Plaintiff's allegations regarding failure to promote have been conceded. The decision to not send the Plaintiff to the training does not constitute an adverse employment action. The decision to eliminate the job vacancy is not an adverse employment action, and the Plaintiff has failed to establish a causal relationship between the elimination of the position and any retaliation or discriminatory animus. As for the Defendant's alleged non-compliance with the settlement agreement, the Plaintiff failed to notify the EEO director within the requisite 30 days. Finally, there is no evidence that the failure to transfer was based on retaliation or discrimination.

There is, however, a genuine dispute of material fact regarding the Plaintiff's claim under the Rehabilitation Act as to failure to transfer.[1]

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

---

[1] Harassment based on disability was not alleged in the complaint and so will not be litigated at trial.